appeal for reappraisement, the court held that the presumption of correctness attaching to the appraiser's finding of value had not been overcome and, accordingly, found the value of the merchandise to be that reported by the appraiser. (*West End Auto Wrecking Co., Inc.* v. *United States*, 26 Cust. Ct. 485, Reap. Dec. 7928, affirmed in *Same* v. *Same*, 31 Cust. Ct. 465, A. R. D. 31.) From the testimony, it appeared that the petitioner had not previously imported automobile grilles; that it made inquiry of the exporter as to the value of the merchandise and furnished the appraiser with all information in its possession, prior to entry; that entry of the merchandise was made at the price stated by the exporter to be the "jobber's" price; and that the petitioner honestly believed such price represented the proper market value for the goods. On the record presented, the court held that there was no intention to conceal or misrepresent the facts of the case or to defraud the revenue of the United States or to deceive the appraiser as to the value of the merchandise. The petition was, therefore, granted.

OCTOBER 3, 1955

**No. 59339.**—SUIT 4791.—Kobe Import Co. *v.* United States.—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—A. R. D. 30 affirmed May 25, 1955. C. A. D. 593.

OCTOBER 5, 1955

**No. 59340.**—SUIT 4805.—Morganite, Inc. *v.* United States.—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—C. D. 1573 reversed June 28, 1955. C. A. D. 595.

**No. 59341.**—SUIT 4812.—United States *v.* Judson Sheldon Division, National Carloading Corporation.—▮▮▮▮▮▮—C. D. 1581 reversed June 15, 1955. C. A. D. 594.

BEFORE THE FIRST DIVISION, OCTOBER 13, 1955

**No. 59342.**—F. W. Myers & Co., Inc. *v.* United States, protest 154364–K (Ogdensburg).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of fruit boxes similar in all material respects to those the subject of *C. J. Tower & Sons* v. *United States* (32 Cust. Ct. 54, C. D. 1579), the claim for free entry under paragraph 1604 was sustained.

**No. 59343.**—Bourjois Mfg. Corp. et al. *v.* United States, protests 157899–K, etc. (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 59344.**—Bourjois Mfg. Corp. et al. *v.* United States, protests 192482–K, etc. (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 59345.**—W. J. Bush & Co., Inc., et al. *v.* United States, protests 198779–K, etc. (New York).

Opinion by MOLLISON, J.  In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 59346.**—A. M. Ross-Smith *v.* United States, protest 172633–K (New York).

WILSON, Judge:  This protest is against the collector's assessment of duty on certain merchandise invoiced as "1440 tins each 144 gelatine containers of Pure Petroleum Distillates (lighter fuel)."  It is conceded that the material in question is used as fluid for cigarette lighters and as a cleaning agent for removing spots from clothes.  It is also conceded that said substance is a petroleum distillate (R. 3).

The duty assessed was at the rate of 25 per centum ad valorem under paragraph 23 of the Tariff Act of 1930.  From the admissions of the parties, it is clear that, unless the containers of the petroleum distillate now before us are either capsules or ampoules, paragraph 23 has no application (R. 5).

Paragraph 23 provides as follows:

PAR. 23.  Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem.

Plaintiff claims the involved merchandise properly free of duty as a petroleum distillate under paragraph 1733 of the Tariff Act of 1930 and that paragraph 23 is not applicable in this case.

Paragraph 1733 provides as follows: